# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

CARLOS N.R.C.,

                          Petitioner,

v.

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

DAVID J. VENTURELLA, *Acting Director, Immigration and Customs Enforcement*;

TODD BLANCHE, *Acting U.S. Attorney General*;

ERIC TOLLEFSON*, Kandiyohi County Sheriff*,

                          Respondents

Civil No. 26-3187 (JRT/EMB)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Katherine L. Santamaria El Bayoumi, **CONTRERAS EDIN LAW, PA**, 663 University Avenue West, Suite 200, Saint Paul, MN 55104, for Petitioner.

David W. Fuller and Worthington Phillips, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

Petitioner Carlos N.R.C. is a citizen of Honduras who is currently in Immigration and Customs Enforcement ("ICE") custody in Minnesota.  On July 6, 2026, Petitioner filed a

Petition for a Writ of Habeas Corpus alleging that his arrest and continued detention violate the Fourth and Fifth Amendment of the U.S. Constitution, the Administrative Procedures Act ("APA"), and the Immigration and Nationality Act ("INA").

The Court concludes that Petitioner's arrest and detention violate his Fifth Amendment right to procedural due process. The Court will grant the petition in part and will order that Petitioner receive an individualized bond hearing.

## BACKGROUND

### I.    FACTS

Petitioner is a citizen of Honduras. (Pet. Writ of Habeas Corpus ("Pet.") ¶ 2, July 6, 2026, Docket No. 1.) He entered the United States on or about June 3, 2023. (*Id.*) He was classified as an unaccompanied alien child, placed in removal proceedings, and released into the care of his uncle in Minnesota. (*Id.* ¶¶ 2–3.) Prior to his detention, he continued to live with his uncle. (*Id.* ¶ 6.)

On June 5, 2026, ICE took Petitioner into custody as part of a traffic stop. (Decl. of William J. Robinson ("Robinson Decl.") ¶ 6–7, July 9, 2026, Docket No. 7; *see also* Pet. ¶ 32.) ICE issued an I-200 arrest warrant and served it on Petitioner during the traffic stop. (Robinson Decl.¶ 7.)

### II.    PROCEDURAL HISTORY

On July 6, 2026, Petitioner filed a Verified Petition for Writ of Habeas Corpus, contending that his detention is unlawful under the Due Process Clause of the Fifth

Amendment, the INA, the APA, and the Fourth Amendment.  The Court directed Respondents to file a reasoned memorandum responding to Petitioner's claims.  (Docket No. 5.)  Respondents timely filed their response, and Petitioner replied.  (Docket Nos. 6, 8.)

## DISCUSSION

"[A]bsent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).  District courts can provide habeas relief to persons detained in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  "[G]overnment detention violates [the Due Process] Clause unless the detention is ordered in a *criminal* proceeding with adequate procedural protections . . . or, in certain special and 'narrow' nonpunitive 'circumstances'[.]"  *Id.* at 690 (quoting *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

Here, Respondents' asserted basis for detaining Petitioner is 28 U.S.C. § 1225(b)(2)(A), which provides for mandatory detention for "applicant[s] for admission"

into the United States.  *See Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) (concluding that an individual who, like the Petitioner in this case, was already present in the United States, was nevertheless an "applicant for admission" and is subject to mandatory detention under § 1225(b)(2)(A)).  In responding to Petitioner's procedural due process claim, Respondents argue that the Constitution does not entitle Petitioner to any additional procedural protections beyond those granted under the statute, and that § 1225(b)(2)(A) expressly authorizes Petitioner's detention without the opportunity to post bond.

For the reasons set forth in *Axel J.M.C., v. Stanski*, Civ. No. 26-2281, 2026 WL 1171344 (D. Minn. Apr. 29, 2026), the Court concludes that the balancing test set forth in *Mathews v. Eldridge,* 424 U.S. 319 (1976), applies to Petitioner's due process claim.  Here, as in *Axel*, Petitioner's liberty interest is significant, the risk of erroneous deprivation of Petitioner's liberty is high, and the burden the Government would bear in providing an individualized bond hearing is low.

Because the Court concludes that Petitioner's due process claim under the Fifth Amendment prevails, the Court will grant Petitioner Carlos N.R.C.'s petition for writ of habeas corpus to the extent he seeks a bond hearing, and the Court will not address Petitioner's other claims for relief.  If Respondents are unable to hold a bond hearing within seven days of this order, the Court will direct that the Petitioner be released.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Carlos N.R.C.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED** as follows:

1. Petitioner's detention without an individualized bond hearing violates his rights under the Due Process Clause of the Fifth Amendment;

2. Respondents shall provide Petitioner with an individualized bond hearing within seven (7) days of the date of this Order, in which both parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained;

3. If Respondents do not provide Petitioner with an individualized bond hearing as required herein, Petitioner must be immediately released from detention; and

4. **By 5:00 P.M. on July 23, 2026**, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.  Further, the parties shall advise the Court at that time whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: July 15, 2026
at Minneapolis, Minnesota.

_JOHN R. TUNHEIM
United States District Judge